GREEN ET AL., BOARD OF COUNTY COMMISSIONERS, APPELLANTS, *v.*
NOBLE, DIRECTOR OF HIGHWAYS, APPELLEE.[*]
GREEN ET AL., BOARD OF COUNTY COMMISSIONERS, APPELLEES, *v.*
NOBLE, DIRECTOR OF HIGHWAYS, APPELLANT.

[*]For opinion on motion to correct or remand bill of exceptions, see 114 Ohio App., 302.

(Nos. 6546 and 6547—Decided August 8, 1961.)

*Mr. Fred B. Skok,* prosecuting attorney, *Messrs. Mitchell, Mitchell & Reed* and *Messrs. Dunbar, Kienzle & Murphey,* for Board of Commissioners of Lake County and Ohio Water Service Company.

*Mr. Mark McElroy,* attorney general, *Mr. William E. Fowler, Jr.,* and *Mr. Harry R. Paulino,* for Charles M. Noble, Director of Highways.

RUTHERFORD, J. In the Common Pleas Court, Walter Green and others, constituting the Board of County Commissioners of Lake County, joined by the Ohio Water Service Company brought an action for a declaratory judgment against Charles M. Noble, Director of Highways, State of Ohio.

Subsequent to commencement of the action, John D. Hadden was substituted for plaintiff Walter L. Green, and Everett S. Preston was substituted for defendant, Charles M. Noble.

The declaratory judgment was sought in regard, first, to payment of costs for relocating and reconstructing a water line at the intersection of state route No. 306 and new state route

No. 1, and, second, to payment of costs for relocating and reconstructing a water line at the intersection of Kirtland Road (a Lake County road) and new state route No. 1.

The judgment of the Common Pleas Court declared:

"First, that the Ohio Water Service Company must bear all costs of relocating and reconstructing the water line along relocated state route 306 and across new state route 1, excepting for a 400 foot connecting line from the point where former state route 306 would have intersected new state route 1 to a point where relocated state route 306 intersects new state route 1 (said 400 foot line running parallel to new state route 1) and excepting for encasement of the new line under the median strips of state route 1, the expense of said 400 foot line and of the encasement of the new line under the median strip, if encasement were to be required, to be paid by the Director of Highways.

"Second, that the entire cost of reconstruction of the water line at the intersection of Kirtland Road (a Lake County road) and new state route 1, must be borne by the County of Lake and the Ohio Water Service Company, as their rights and liabilities might appear, excepting for encasement under the median strip which shall be borne by the Director of Highways."

An appeal on questions of law by the Board of Commissioners of Lake County and the Ohio Water Service Company was filed in this court as case No. 6546; and an appeal on questions of law by the Director of Highways, State of Ohio, has been filed in this court as case No. 6547. The assignments of error by each of the appellants is that the portion of the judgment which declares that costs of construction be assessed against them, is contrary to law. The two appeals were consolidated for purpose of hearing on appeal.

On September 28, 1955, the Ohio Water Service Company and the Board of County Commissioners of Lake County entered into an agreement, whereby the Ohio Water Service Company agreed to provide water to specified areas, lease existing lines, obtain the right to construct distribution mains in the highways, streets or public ways of the service area at its own expense, with the company and the commissioners to take whatever action may be necessary to enable the company to maintain existing service in the service area, and to assist the company to se-

cure any governmental permits or authorizations required in connection with the construction of new facilities. The company agreed to maintain, at its own expense, the distribution systems in the service area as constituted or as thereafter constructed or extended. The agreement was to be in effect for successive periods of twenty years, with the commissioners having the right to terminate the agreement at the end of the first twenty-year period upon tendering to the company the then present value of the lands, facilities, and trunk main purchased, constructed or installed in the service area by the company at its own expense.

First, we will consider the issues involving the water line within state route No. 306. On May 29, 1957, the Ohio Water Service Company obtained a permit from the Director of Highways, State of Ohio, to install a 6-inch water main along state route No. 306, which permit contained the following provisions:

"The granting of this permit does not in any way abridge the right of the Director of Highways in his jurisdiction over the state highways. If, in the process of any future work or for the benefit of the traveling public, it becomes necessary in the opinion of the Director of Highways to order the removal, reconstruction, relocation or repair of any of the fixtures, or work performed under this permit, said removal, reconstruction, relocation or repair shall be wholly at the expense of the owners thereof, and may be as directed by the Director of Highways.

"The acceptance of this permit or the doing of any work thereunder shall constitute an agreement by the party or parties to whom the permit is granted to comply with all the conditions and restrictions printed or written herein.

"This permit may at any time be revoked and annulled by the Director of Highways for non-performance of, or non-compliance with, any of the said conditions, restrictions and regulations hereof."

This permit was granted under the provisions of Section 5515.01, Revised Code, which are as follows:

"The Director of Highways may upon formal application being made to him, grant a permit to any individual, firm, or corporation to use or occupy such portion of a road or highway on the state highway system as will not incommode the traveling public. Such permits, when granted, shall be upon the following conditions:

"(A) The occupancy of such roads or highways shall be in the location as prescribed by the director.

"(B) Such location shall be changed as prescribed by the director when he deems such change necessary for the convenience of the traveling public, or in connection with or contemplation of the construction, reconstruction, improvement, relocating, maintenance, or repair of such road or highway.
"* * *

"(F) Such other conditions as may seem reasonable to the director, but no condition shall be prescribed which imposes the payment of a money consideration for the privilege granted.
"* * *"

Consideration should also be given to Section 5515.02, Revised Code, which provides, in part, as follows:

"All individuals, firms, or corporations so occupying any road or highway on the state highway system, or the bridges or culverts thereon, under and by virtue of a franchise or permit granted and in force, shall relocate their properties and all parts thereof within the bounds of such road, highway, bridge, or culvert when in the opinion of the director they constitute obstructions in any such road, highway, bridge, or culvert, or interfere with or may interfere with the contemplated construction, reconstruction, improvement, maintenance, or repair of such road, highway, bridge, or culvert, * * * which relocation within the bounds of such road, highway, bridge, or culvert shall be in the manner and to the extent prescribed by the director.

"If, in the opinion of the director, such individuals, firms, or corporations have obstructed any road or highway on the state highway system, or the bridges or culverts thereon, or if any of their properties, in his opinion, are so located that they do or may interfere with the contemplated construction, reconstruction, improvement, maintenance, or repair of such road, highway, bridge, or culvert, or if, in his opinion they interfere with or may interfere with the use of such road, highway, bridge, or culvert by the traveling public, said director shall notify such individual, firm, or corporation directing the removal of such obstruction or properties, or the relocation of such properties, and, if such individual, firm, or corporation does not within five days from the service of such notice proceed to remove

or relocate the same and complete the removal or relocation within a reasonable time, the director may remove or relocate the same * * *. The costs and expenses shall, in the first instance, be paid by the director· * * * and the amount thereof shall be certified to the Attorney General for collection by civil action. * * *''

By the terms of its permit from the Director of Highways, and under the provisions of Section 5515.01, Revised Code, the Ohio Water Service Company, in 1957, installed its water line along state route No. 306, without cost to the company for the right of way, any consideration for the privilege granted being prohibited by Section 5515.01 (F), Revised Code. The installation, at the time, covered not only the portion here in question but a distance of 4,200 feet along state route No. 306, all of which was granted without cost to the company, and resulted in a saving to the company of the amount it would have. otherwise paid to secure rights of way over private property. What the company received by its permit was only a franchise to use such right of way, subject to the conditions upon which the permit was granted, including removal of the line upon order of the Director of Highways, if, in the process of any future work or for the benefit of the traveling public, removal becomes necessary in the opinion of the director, and such removal, reconstruction or relocation, when so ordered, was to be wholly at the expense of the owners. Also, the permit was granted subject to the condition of subdivision (B) of Section 5515.01, Revised Code, that such location be changed as prescribed by the director when he deems such change necessary for the convenience of the traveling public, or in connection with, or contemplation of, the relocation of such road or highway.

In the instant case, at the intersection of state route No. 306 with new state route No. 1, state route No. 306 has been relocated in order to remove a curve heretofore existing in state route No. 306, and so as to cross straight over new state route No. 1 by bridge. We find that, for this purpose, under the terms of the permit issued to the Ohio Water Service Company and by virtue of Section 5515.01, Revised Code, the Director of Highways did have discretionary power, upon state route No. 306 being so relocated, to order the Ohio Water Service Company to remove its water line from existing state route No. 306 and to relocate such line wholly at the company's own expense.

We find that when a water company accepts a permit from the Director of Highways to install a water line within a state highway right of way under the provisions of Section 5515.01, Revised Code, for which no consideration is paid, the company does not acquire a property right in the right of way granted but only permission to maintain such water line, subject to removal, etc., as ordered by the Director of Highways, at the company's own expense upon the happening of any of the conditions set forth in the permit or in Section 5515.01, Revised Code, the director having the discretionary power to act in accordance with the conditions set forth in the permit and the statute.

To hold otherwise, would make it prohibitive for the state to issue such permits, without consideration and without being able to know what future obligations they might be incurring, not for the benefit of the state, but for the benefit of the consumers from the water line. We can see no benefit to the state from having an Ohio Water Service Company water line, or a Lake County water line, within the state highway right of way. We can see why the Legislature gave the Director of Highways the right to grant a conditional permit only, provided that no expense in connection therewith is placed upon the state.

State route No. 306, having been relocated, we find it to be within the discretionary power of the Director of Highways to require the removal by the Ohio Water Service Company of its water line from that portion of route No. 306 which has been abandoned or relocated. This is one of the conditions, subject to which the permit was accepted, and as to such portion of the highway the director has the right to terminate the permit without liability to the permit holder and with expense of removal or relocation to be borne by the permit holder.

At this point, we find that it becomes the duty of the permit holder to find and obtain an alternate route of his own choice. Such route might be by right of way over private property, or by negotiation with the state for a permit to use the relocated or new highways, upon such terms as granted in the new permit to be issued, or, if over private property, according to the right of way obtained.

We further find that a distinction exists, and properly so, between the provisions of Section 5515.01, Revised Code, and Section 5515.02, Revised Code, in that Section 5515.01. Revised

Code, contains a specific provision covering relocation of a road, whereas Section 5515.02, Revised Code, authorizes the director to act and to assess the charge to the permit holder who has refused to act, within the highway for which the permit was granted, but it does not extend the same right to the director to act as to a relocated highway. Obviously, this distinction is a proper one, for in case of the relocation the permit holder might choose some place to which to move its line, other than along the relocated highway, and the director should not have the authority to bind the permit holder to use of the relocated road.

It is our finding that, upon the relocation of route No. 306, the director had the right to order removal by the permit holder of its water line but did not have the right to direct as to the new location, and, therefore, the director could not construct a line at a new location and assess the cost thereof to the Ohio Water Service Company, except upon consent by the company. We find that the Ohio Water Service Company must abandon or remove its line as ordered and acquire a private right of way or negotiate with the Director of Highways for a permit along relocated state route No. 306 or state route No. 1, or both, upon such conditions as the director is authorized to grant in a permit under the provisions of Section 5515.01, Revised Code.

Those provisions of the judgment of the Common Pleas Court assessing certain costs of relocation of the route 306 water line to the Director of Highways we find to be contrary to law. It is our finding that the entire cost of relocating the water line along state route No. 306 must be paid by the Ohio Water Service Company.

Upon the question of encasement of the pipe, we find the right to require encasement to be paid for by the permit holder, as a condition of granting a permit under the provisions of Section 5515.01, to be within the discretion of the Director of Highways, depending upon his determination as to whether failure to encase will now or in the future incommode the traveling public.

Turning next to the water line along Kirtland Road, we find an entirely different situation. Here the water line, owned by the county, is within the right of way of Kirtland Road which is a county road, not a state road. The water line and right of way by contract between the commissioners and the

Ohio Water Service Company is leased to Ohio Water Service Company, and the agreement provides that the Board of County Commissioners will take whatever action is necessary to enable the company to maintain existing service. Expenses are to be paid by the company, but if the commissioners elect to terminate the agreement in 20 years, they must pay the then present value of lands, facilities and trunk mains purchased, constructed or installed in the service area by the company at its own expense. Thus, under present conditions, were the lease of the county-owned line terminated, the county could recover it, but if a new line were required to be constructed at company expense, upon termination of the agreement, the county would be required to make payment to the company, as a result of the obligation being placed upon the company.

As in the case of *Hulbert* v. *Linzell, Director of Highways*, 167 Ohio St., 350, wherein the Supreme Court found no statutory authority for the Director of Highways to close county roads for purpose of constructing freeways, neither do we find any authority for the Director of Highways to cut off county-owned water mains and rights of way located within county road rights of way for the purpose of constructing freeways.

It is our finding that as to the water line owned by the county and leased to the Ohio Water Service Company, which line is located within the county road right of way, there is a property right in the county, by ownership of the county road right of way as well as the water line, and, also, in the Ohio Water Service Company, as lessee, as distinguished upon the facts in this case from licensee, by contract with the County Commissioners, which property rights may be extinguished by the Director of Highways only by purchase, gift, agreement or by condemnation.

We, therefore, find the judgment of the Common Pleas Court, declaring that the cost of relocating and reconstructing the water line along Kirtland Road and across new state route No. 1 be paid by the Board of Commissioners of Lake County and the Ohio Water Service Company, as their interest might appear, contrary to law, and that such cost will have to be paid, in its entirety, by the Director of Highways as a part of the construction costs of new state route No. 1.

In conclusion, we, therefore, reverse that part of the judg-

330

ment of the Common Pleas Court which assessed the cost of encasement in the median strip and of the 400-foot line from old route 306 to the reconstructed route 306 to the Director of Highways, and, also, the provisions which, without agreement or consent of the Ohio Water Service Company, would permit the director to proceed and construct the new line and assess the cost to Ohio Water Service Company.

We also reverse that part of the judgment of the Common Pleas Court declaring that the cost of relocating or reconstructing the Kirtland Road line be paid by the Board of Commissioners of Lake County and the Ohio Water Service Company, as their rights and liabilities might appear.

It is our finding that all the costs for relocating the water line along state route No. 306 must be paid by the Ohio Water Service Company, and that all the costs for reconstructing the Kirtland Road water line must be paid by the Director of Highways, State of Ohio.

*Judgment accordingly.*

McLaughlin, P. J., and Hildebrant, J., concur.

Hildebrant, J., of the First Appellate District, and McLaughlin and Rutherford, JJ., of the Fifth Appellate District, sitting by designation in the Tenth Appellate District