244 S.W.2d 4 (1951)
PUBLIC WATER SUPPLY DIST. NO. 2 OF JACKSON COUNTY
v.
STATE HIGHWAY COMMISSION.
No. 42540.
Supreme Court of Missouri, Division No. 2.
December 10, 1951.
*5 Charles V. Garnett, Kansas City, for appellant.
Wilkie Cunnyngham, Wallace Wilson, Jr., Jefferson City, for respondent.
BARRETT, Commissioner.
In connection with the relocation, rebuilding and improvement of U. S. Highway 50 the State Highway Commission has duly acquired, as a part of the state's highway system, certain county roads in Jackson County. In order to make the proposed highway improvements it has become necessary to remove and relocate certain water mains and property of Public Water Supply District No. 2 of Jackson County, which have been constructed and maintained in the highway right of way. The State Highway Commission ordered their removal at the cost of the Water Supply District, whereupon the district instituted this proceeding in which it sought to enjoin the Highway Commission from ordering the removal of portions of its water supply system "without having first paid or tendered to the plaintiff the actual reasonable cost and expense" thereof, $10,000. Upon motion, the trial court dismissed the Water Supply District's petition for an injunction for the reason that the petition failed to state a claim upon which relief could be granted. In its brief the appellant Water District states that the single question is "whether or not the cost of removing and relocating certain of plaintiff's water mains and installations to accommodate new highway construction by defendant should be borne by plaintiff Water Supply District or by defendant Highway Commission." Its assignment of error is that "The trial court erred in sustaining defendant's motion to dismiss plaintiff's petition, because under the law, plaintiff is entitled to injunctive relief against defendant to require defendant to pay the cost of changes in plaintiff's water lines as a condition to the making of such changes, * * *."
The statutes relating to the state highway system provide, in part, that the location and removal of all utility power and transmission poles and lines, and all conduits and pipe lines and tramways "erected or constructed, or hereafter to be erected or constructed by any corporation, association or persons, within the right of way of any state highway * * * insofar as the same may interfere with the construction or maintenance of any such highway, shall be under the control and supervision of the state highway commission." They also provide that "The removal of the same shall be made at the cost and expense of the owners thereof unless otherwise provided by said commission," and in the event of the failure of the owners to remove the installations that the highway commission may remove them at the cost of the owners. Mo.R.S.1949, Sec. 227.240. But, the Water District contends that this statute is not applicable to it and its installations. Under the statutes authorizing its creation, Ch. 247, R.S.1949, Laws Mo.1935, p. 327, the Water District contends that it is a "municipal corporation," with an absolute right to use the highways for its installations, and, therefore, this statute, Sec. 227.240, does not invest the highway commission with power to order the removal of its installations at its cost. The statute employs the word "corporation," and it is contended that an examination of all the statutes relating to the highway system and particularly Section 227.240, indicate an intention on the part of the legislature to exclude from its force and operation municipal corporations. Auxiliary rules of statutory construction are resorted to, general language may not destroy specific provisions, later special statutes prevail over the terms of prior general statutes, and it is argued that they reveal the legislative intention to exclude the appellant from the operative effect of the highway statutes. There is no tort liability on governmental agencies, and failure to comply with the commission's orders under Section 227.240 is made a misdemeanor and for these additional reasons it is urged that the particular statute is inapplicable to the Public Water Supply District.
All these things may have some bearing upon the question, but as we view the record they are not determinative of this appeal. It is not necessary to precisely define the Water District's status as a governmental agency. The statutes authorizing its creation use the words "public corporation" and "political corporation." Mo.R.S. *6 1949, Secs. 247.010, 247.020. In a broad sense a public water supply district may be a "municipal corporation," but in some meanings it is not, strictly speaking, a "municipal corporation." State ex rel. Halferty v. Kansas City P. & L. Co., 346 Mo. 1069, 145 S.W.2d 116; Laret Investment Co. v. Dickmann, 345 Mo. 449, 134 S.W.2d 65; Grand River Drainage District v. Reid, 341 Mo. 1246, 111 S.W.2d 151. It is a political subdivision and it has the right, by the statutes authorizing its creation, "to lay its mains in public highways, roads, streets and alleys included in the district". But, by the same statute, its right to lay its mains in the highway is specifically subject to the "reasonable rules and regulations of governmental bodies having jurisdiction of such public places." Mo.R.S.1949, Secs. 247.200, 247.440. It has the power to sue and be sued, to condemn property, and to enter into contracts and agreements with private persons and corporations and with other public corporations "including contracts with any municipality, district, or state, or the United States, and any of their agencies, political subdivisions or instrumentalities". Mo.R.S.1949, Secs. 247.050, 247.440. As indicated, it is not necessary, or compelled by this record, to say whether a public water district is governed by Section 227.240. However, in State ex rel. County of St. Louis v. St. Johns-Overland Sanitary Sewer Dist., 353 Mo. 974, 185 S.W.2d 780, 783, it was held that a public sewer district, a public corporation, was subject to the highway statute requiring "any person, firm, association or corporation", RSMo1949, § 229.300, to procure a permit and give security before excavating in public roads. It was there pointed out that the sewer district did not "have the same power over streets and roads that cities or counties have."
The State Highway Commission is likewise a political subdivision of the state with jurisdiction over the "state-wide connected system" of highways. Mo.R.S.1949, Sec. 227.020. It is plain beyond question, by the terms of the Constitution, that the State Highway Commission has the dominant, primary and superior dominion over highways: "It shall have authority over and power to locate, relocate, design and maintain all state highways; and authority to construct and reconstruct state highways, subject to limitations and conditions imposed by law as to the manner and means of exercising such authority". Const.Mo., Art. 4, Sec. 29. The former constitution, by specific amendment in 1928, authorized the highway commission to acquire county roads. Const.1875, Art. 4, Sec. 44a. The Centennial Road Law, Laws Mo.1921, 1st Extra Session, p. 133, has implemented the Constitution and plainly indicated the legislative intention of the highway commission's superior dominion over the highways of the state. Mo.R.S.1949, Ch. 227; State ex rel. State Highway Commission v. Kansas City P. & L. Co., 232 Mo.App. 308, 105 S.W.2d 1085; State ex rel. McDowell, Inc., v. Smith, 334 Mo. 653, 67 S.W.2d 50.
Under the pleadings, the plaintiff's petition, it is conceded that "by due and proper proceedings" the State Highway Commission "acquired and annexed such parts of said County roads to the State highway system of the State of Missouri, and now has and exercises the lawful jurisdiction conferred upon it by law over said parts of said former County roads." The plaintiff's petition pleads that it has constructed and maintains its installations along and under the surface of the highway. It pleads that in doing so it is exercising the powers and rights conferred upon it by statute and that its water system was constructed along the county roads before they became a part of the state highway system under the jurisdiction of the State Highway Commission. Nevertheless, it does not appear from the pleadings precisely how, when or upon what terms the water district's installations were placed in the highway right of way. As indicated, the water district has a right to occupy parts of the highway, but its right to do so is not absolute for by the terms of the statute creating it in 1935, its right of occupancy is subject to the "reasonable rules and regulations of governmental bodies having jurisdiction of such public places." The district had the power to condemn and it had the right to contract with other governmental agencies, but, under the pleadings, it did not acquire "an easement by agreement or condemnation." *7 State ex rel. County of St. Louis v. St. Johns-Overland Sanitary Sewer Dist., supra. Public water districts were not officially recognized until 1935 and if some predecessor in title made the installations it was necessary to have had the assent of some governmental agency; if not the state highway commission, the county court. Mo.R.S.1949, Sec. 229.100. The district's occupancy of the right of way, under the pleadings, is, of course, permissive and incidental to the primary and dominant purpose of highways and the public's right in highways. Annotations 11 A.L.R.2d 180; 172 A.L.R. 1020; 25 Am.Jur., Sec. 179, p. 474. It does not appear from the pleadings that the Public Water Supply District's right to occupy parts of the right of way is superior to that of any other authorized occupancy by a public utility, or that its occupancy is not subject to changes and conditions necessitated by improvements by the appropriate dominant governmental agency having jurisdiction of highways. 18 Am.Jur., Sec. 212, p. 843. If the district's rights and occupancy are no greater than the rights and occupancy of private public utilities there can be no doubt but that the burden of the cost of removing or relocating the installations would fall upon the district. Annotations 6 L.R.A.,N.S., 1026; 70 L.R.A. 850; National Water Works Co. v. City of Kansas, C.C., 28 F. 921; New Orleans Gaslight Co. v. Drainage Comm., 197 U.S. 453, 25 S.Ct. 471, 49 L.Ed. 831. The present removal and relocation of the installations may be for the benefit of the highway system and of no immediate benefit to the district; the benefit to the district, however, was the initial and, so far as appears, the free and permissive installation. Unquestionably the highway commission has the power, the right and the duty of relocating the highway and as a necessary incident to its exercise of those powers and rights it has the authority to require the removal of any permissive installations that are merely incidental to highway uses and purposes. It does not appear from the pleadings or from any statute that there is a duty upon the highway commission to pay for the removal of any incidental installations and in the absence of such a showing there is no basis for the granting of the injunctive relief sought in this action. National Water Works Co. v. City of Kansas, supra; State ex rel. County of St. Louis v. St. Johns-Overland Sanitary Sewer Dist., supra; State ex rel. State Highway Comm. v. Kansas City P. & L. Co., supra; State ex rel. McDowell v. Smith, supra.
In this view of the appeal it is unnecessary to consider the constitutionality of the title to the Centennial Road Law. But see and compare: Lockhart v. Kansas City, 351 Mo. 1218, 175 S.W.2d 814; City of Columbia v. Public Service Comm., 329 Mo. 38, 43 S.W.2d 813.
Upon the pleadings the trial court did not err in denying the water district's petition for an injunction. Accordingly the judgment is affirmed.
WESTHUES and BOHLING, CC., concur.
PER CURIAM.
The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.
All concur.