**JACKSON COUNTY PUBLIC WATER SUPPLY DISTRICT NO. I, Appellant,**

v.

**STATE HIGHWAY COMMISSION of Missouri, Respondent.**

No. 49564.

Supreme Court of Missouri,

Division No. 1.

March 11, 1963.

Charles W. Hess, Paul Van Osdol, Jr., Richard M. Erickson, Terrell, Hess, Van Osdol & Magruder, Kansas City, for appellant.

Robert L. Hyder, Wilkie Cunnyngham, Jefferson City, for respondent.

HOUSER, Commissioner.

This is an appeal from the judgment of the circuit court dismissing a petition of Jackson County Public Water Supply District No. 1 filed under the provisions of Chapter 536, and particularly §§ 536.-100 and 536.110, RSMo 1959, V.A.M.S., for review of an order of the State Highway Commission directing the relocation of certain of petitioner's water lines at the sole cost of the Water District.

Former U. S. Highway 71 runs south from Kansas City to the Jackson-Cass County line. Originally it was a concrete slab 30 feet wide, one half of which was used for northbound, the other half for southbound, traffic. The highway runs generally through the territory of the Water District, which originally was 10 miles long north and south and extended approximately two miles east and west on each side of the highway. Two of the primary lines of the Water District, laid in the right of way of old U. S. Highway 71 many years ago, ran north and south paralleling the highway. In 1957 the Highway Commission commenced to acquire additional widths of right of way for the reconstruction and improvement of U. S. Highway 71 as a two-lane, limited-access highway with divided throughway lanes for through travel, and frontage-roadways for land

service lanes. Additional right of way was obtained for interchange ramps. In order to make these highway improvements it was necessary to remove and relocate certain water lines or mains of the Water District which had been constructed and maintained in the old highway right of way. The Highway Department sent its plans to the Water District for the latter's use in planning adjustments made necessary by the proposed construction, and asked the Water District to submit its plans and estimates for the necessary adjustments by a certain date. The Water District's plans were submitted to and approved by the Highway Commission and the Water District was officially notified to proceed with the adjustments at once. There was no disagreement between the parties as to the necessity for the relocation, or what lines should be moved, or where in the right of way they should be located. The disagreement arose because of the Highway Commission's direction that the Water District bear the cost and expense of relocation, except for one small item of $3,433, which is not in controversy. The Water District asked for and was granted a hearing before the Highway Commission, at which it informed the commission that the estimated cost of relocation of the water lines was $107,550, including engineering expense; that it did not have sufficient income after expenses and debt retirement requirements to pay for the relocation; that the district contained 8,000 water users; that it had a large bonded indebtedness; that its water rates were considerably higher than the rates of other Missouri cities; and that due to rapid growth of population the demand for extension of its services and facilities was beyond its financial ability to satisfy. The Water District urged the Highway Commission to pay half the costs of the relocation and charge the other half to federal funds. After the hearing the Highway Commission made its order requiring the Water District to pay the relocation costs. When the Water District's petition for review came on for hearing in circuit court the district offered to prove that after the commission hearing Kansas City had annexed the north part of the district, and that the size of the district had been reduced by detachment proceedings; that pursuant to §§ 247.085 and 247.160, V.A.M.S., Kansas City had contracted with the district to take over the annexed portion of the district, thereby reducing the number of water users left in the district to 2,640; reducing its revenue 64%, its assets 38%, and reducing its tax income, and that while the primary obligation of the district on the bonded indebtedness was reduced the district remained secondarily liable for the entire original amount of debt. The circuit court refused to receive this offer, found the petitioner not entitled to relief, and dismissed the cause with prejudice.

Appellant Water District takes the position that it was entitled to a fair hearing before the Highway Commission and a determination of the question whether the relocation costs should be imposed upon the Water District, and to present and have considered the equities involved and the undue hardship resulting from burdening its water users with the high costs of relocation, in view of the district's financial condition; that a fair trial was not accorded; that the Highway Commission's decision was arbitrary, capricious and unreasonable; that its order gave no consideration to the equities involved and imposed an undue hardship upon the Water District and its users; did not contain separate findings of fact and conclusions of law, as required; that the commission failed to differentiate between publicly and privately owned utilities, infringed upon the exclusive right of the board of directors of the Water District to manage its affairs, and imposed a financial obligation upon the Water District which its board of directors could not have undertaken under the restrictions imposed upon it by law.

The Highway Commission contends that the question whether the Water District can be required to pay the cost of moving its water lines located in the right of way of a public highway is settled by § 227.-

240,[1] RSMo 1959, V.A.M.S., and by the case of State ex rel. State Highway Commission v. Weinstein, Mo.Sup. (en banc), 322 S.W.2d 778; that the Highway Commission has complete discretion as a matter of policy as to whether it will use any of its funds for relocation costs, and that the matter is not subject to judicial review. Accordingly, the Highway Commission contends that it was not obliged to grant any hearing on the matter, and the fact that a hearing was accorded does not convert the proceeding into one properly cognizable under the provisions of the Administrative Review Act.

· The Water District counters with the suggestion that the case of State ex rel. State Highway Commission v. Weinstein, supra, involved a privately owned utility, and that the ruling was not intended to apply to a public body such as this Water District; that § 227.240, V.A.M.S., has

no application to a public body; that in ruling that case this Court did not envision the hardship its ruling would have if applied to a factual situation such as this one. In its reply brief the Water District for the first time makes a specific point that the Highway Commission's order violates the express direction of § 226.-150, V.A.M.S., which it says requires the Highway Commission to secure federal funds allotted to the state of Missouri under the Federal Aid Highway Act, for relocation of utilities.

■ We are of the opinion that the determination whether the cost and expense of removal and relocation of water lines in a state highway right of way shall be borne solely by the owner, or by the Highway Commission, or jointly, or otherwise, involves a matter of policy, the determination of which has been vested in the Highway Commission by § 227.240; that the commis-

1. "1. The location and removal of all telephone, telegraph and electric light and power transmission lines, poles, wires, and conduits and all pipe lines and tramways, erected or constructed, or hereafter to be erected or constructed by any corporation, association or persons, within the right of way of any state highway, insofar as the public travel and traffic is concerned, and insofar as the same may interfere with the construction or maintenance of any such highway, shall be under the control and supervision of the state highway commission.

"2. The commission or some officer selected by the commission shall serve a written notice upon the person or corporation owning or maintaining any such lines, poles, wires, conduits, pipe lines, or tramways, which notice shall contain a plan or chart indicating the places on the right of way at which such lines, poles, wires, conduits, pipe lines or tramways may be maintained. The notice shall also state the time when the work of hard surfacing said roads is proposed to commence, and shall further state that a hearing shall be had upon the proposed plan of location and matters incidental thereto, giving the place and date of such hearing. Immediately after such hearing the said owner shall be given a notice of the findings and orders of the commission and shall be given a reasonable time thereafter to comply therewith;

provided, however, that the effect of any change ordered by the commission shall not be to remove all or any part of such lines, poles, wires, conduits, pipe lines or tramways from the right of way of the highway. The removal of the same shall be made at the cost and expense of the owners thereof unless otherwise provided by said commission, and in the event of the failure of such owners to remove the same at the time so determined they may be removed by the state highway commission, or under its direction, and the cost thereof collected from such owners, and such owners shall not be liable in any way to any person for the placing and maintaining of such lines, poles, wires, conduits, pipe lines and tramways at the places prescribed by the commission.

"3. The commission is authorized in the name of the state of Missouri, to institute and maintain, through the attorney general, such suits and actions as may be necessary to enforce the provisions of this section. Any corporation, association or the officers or agents of such corporations or associations, or any other person who shall erect or maintain any such lines, poles, wires, conduits, pipe lines or tramways, within the right of way of such roads which are hard-surfaced, which are not in accordance with such orders of the commission, shall be deemed guilty of a misdemeanor."

sion has complete discretion to determine whether it shall use any of its funds for such purposes; that this matter is not required to be heard and determined by the Highway Commission and is not a proper subject for judicial review under the Administrative Procedure Act, and that this is true whether the owner of the water lines be a private corporation organized for profit or a public corporation organized as a political subdivision.

Chapter 227, V.A.M.S., governs the State Highway System. Section 227.240 of that chapter provides, in part, that the location and removal of all pipe lines erected or constructed "by any corporation, association or persons," within the right of way of any state highway shall be under the control and supervision of the Highway Commission, insofar as the public travel and traffic is concerned and insofar as the same may interfere with the construction or maintenance of such highway. The Water District, organized as a county district under Chapter 247, V.A.M.S., Public Water Supply Districts, has been variously defined as a "political subdivision," Public Water Supply Dist. No. 2 v. State Highway Commission, Mo.Sup., 244 S.W.2d 4, 6; a "public corporation," § 247.010; a "political corporation[s] of the state of Missouri," § 247.020. It is incorporated by decree of the circuit court under the procedure prescribed in § 247.040, for the purposes set forth in § 247.010. Its express powers are prescribed by §§ 247.050 and 247.080. We construe the word "corporation" in § 227.240, supra, to include public corporations such as this Water District. In reaching this conclusion we have considered State ex rel. St. Louis County v. St. Johns-Overland Sanitary Sewer Dist., 353 Mo. 974, 185 S.W.2d 780, 783, in which a public sewer district, a public corporation, was held subject to the statutory requirement that "any person, firm, association or corporation" procure a permit and give security before excavating in public roads. The reasonableness of this construction becomes evident by the following considerations. By the provisions of

Art. 4, § 29, Constitution of Missouri, 1945, V.A.M.S., the Highway Commission has the dominant, primary and superior dominion over the highways of the state. Public Water Supply Dist. No. 2 v. State Highway Commission, supra, 244 S.W.2d, 1. c. 6. While the Water District has "the right to lay its mains in public highways," this must be done "under reasonable rules and regulations of governmental bodies having jurisdiction of such public places." § 247.200. Considering the object sought to be accomplished by § 227.240 it is inconceivable that the General Assembly in using the word "corporation" meant to restrict the application of § 227.240 to privately owned utilities and withhold from the Highway Commission authority to locate and remove the lines of utilities organized as public corporations. The lawmakers were concerned with the elimination of the impediment in cases where facilities of utilities interfere with the construction or maintenance of a highway, not with the internal organization and structure or public or private nature of the corporate owner of the facilities. We hold that a public water district is governed by § 227.240, supra.

The Water District forcefully argues that as a publicly owned utility it is entitled to different treatment than a privately owned utility. We do not agree. The Water District's right to use the right of way was a license or privilege to occupy a certain location, subject to modification, State ex rel. State Highway Commission v. Weinstein, supra, 322 S.W.2d, 1. c. 783, under an implied obligation to make way for a proper governmental use of the right of way. The Water District used the right of way in its proprietary capacity. The use of a state highway by a utility for proprietary purposes, whether it be publicly or privately owned, must give way to a proper governmental use of the right of way by the Highway Commission. In availing itself of its statutory right to the free use of the old highway right of way, thereby avoiding acquisition costs for right of way through private property, the Water District re-

ceived a benefit, Public Water Supply Dist. No. 2 v. State Highway Commission, supra, 244 S.W.2d, 1. c. 7, assumed the risk, and must be held to have occupied the right of way subject and subordinate to the implied obligation to relocate its facilities at its own expense should relocation become necessary in the interests of the traveling public, in the judgment of the Highway Commission. § 247.200; East Bay Municipal Utility Dist. v. County of Contra Costa (1962), 200 Cal.App.2d 477, 19 Cal.Rptr. 506, 508. This was an implied condition of the grant. Port of New York Auth. v. Consolidated Edison Co. (1960), 27 Misc.2d 45, 205 N.Y. S.2d 781; Green v. Noble (1961), 114 Ohio App. 321, 182 N.W.2d 569 [2].

Whether the order of the Highway Commission is subject to review under the Administrative Review Act depends upon whether this is a "contested case" within the meaning of § 536.100, which in turn depends upon whether § 227.240 requires "legal rights, duties or privileges" of the Water District "to be determined after a hearing" before the Highway Commission acting as an administrative body. § 536.010. If so the hearing and review provisions of the Administrative Review Act, Chapter 536, are applicable, and are not to be circumvented on the theory that the order is a policy decision made by the Highway Commission in its legislative capacity.

Section 227.240 provides for a hearing "upon the proposed plan of location and matters incidental thereto," upon notice to the owner of the pipe lines, etc. containing a plan indicating "the places on the right of way at which such * * * pipe lines * * * may be maintained." Under the doctrine of State ex rel. State Highway Commission v. Weinstein, supra, the Water District had a right to a hearing to determine whether the reconstruction of the highway in accordance with the plans of the Highway Commission made it necessary to move its water lines to the new location to prevent interference with the construction, maintenance or use of the reconstructed highway, and on judicial review a deter-

mination whether the Commission could reasonably have made findings that the mains in their old location would interfere with the construction, maintenance or use of the reconstructed highway and which would make it reasonable to require their removal to the proposed new location. But the Water District did not desire a hearing on this question, for it conceded and still concedes that the relocation of the water lines was a necessary result of the decision to widen and improve the highway, and it has no objection to the plan of relocation. The Water District was and is interested solely in the question of its liability for the cost and expense of relocation.

Section 227.240 does not purport to authorize a hearing on this question, unless it may be said that this is a "matter incidental" to the proposed plan of location. In view of other language in the section, we find that the question of cost and expense of location is not a matter incidental to the plan of location, in the sense that it is a matter of legal right, duty or privilege to be determined after a hearing. Paragraph 2 of § 227.240 expressly states and declares the legislative policy of the state on the question of cost and expense in such cases, as follows: "The removal of [pipe lines] shall be made at the cost and expense of the owners thereof unless otherwise provided by said commission * * *." Thus the allocation of relocation costs, as a matter of policy, has been committed solely to the discretion of the Highway Commission (as are the location and design of highways, the necessity and propriety of new plans for the reconstruction of a highway, State ex rel. v. Weinstein, supra; the building of interstate bridges, State ex rel. State Highway Commission v. Sevier, 339 Mo. 479, 97 S.W.2d 427; the determination of the amount and time of payment of a refund for a bridge taken over by the Highway Commission, State ex rel. Kansas City v. State Highway Commission, 349 Mo. 865, 163 S.W.2d 948). That discretion has always, including this instance, been

exercised in a manner consistent with the policy declared by the General Assembly, except on urban projects in which the city furnishes one half the cost (a situation not involved here). In adhering to the public policy thus declared by the General Assembly the Highway Commission exercised a legislative discretion, and found the necessary legislative facts, facts not pertaining to a particular party but which bear upon law, policy or discretion, Davis, Administrative Law Treatise, § 7.20, by its own methods, which are not subject to judicial review or control. "[W]hile Sec. 227.240 authorizes the Commission to pay part of the cost of relocation, the Water Company has no right to require it to do so in whole or in part. The Commission has complete discretion as a matter of policy as to whether or not it will use any of its funds for such costs and that matter is not subject to judicial review." State ex rel. v. Weinstein, supra, 322 S.W.2d, 1. c. 785. In this situation the Highway Commission had no conceivable duty to the Water District and the Water District had no enforceable right or privileges with reference to the cost or expense of relocation. The limited question the Water District wanted determined by the Highway Commission did not call for a quasi-judicial decision within the meaning of Article V, Section 22 of Constitution of Missouri, 1945, but involved matters of policy which are committed solely to the discretion of the Highway Commission, and as such are not subject to the Administrative Review Act. There was no occasion for the holding of a hearing, or the determination by the Highway Commission of any "adjudicative facts pertaining to a particular party" under past and present existing facts. See Davis, Administrative Law Treatise, § 7.20. The fact that the Highway Commission granted a hearing, as a matter of courtesy and convenience, conferred upon the Water District no procedural rights.

This eliminates from our consideration the six assigned reasons why appellant claims the order of the Highway Commission is illegal and void.

The judgment is affirmed.

HOLMAN, C., concurs.

COIL, C., not participating.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.