**PUBLIC WATER SUPPLY DISTRICT NO. 2 OF JEFFERSON COUNTY, Missouri, Plaintiff-Appellee,**

v.

**STATE HIGHWAY COMMISSION of Missouri et al., Defendants-Appellants.**

**No. 55842.**

Supreme Court of Missouri, Division No. 1.

Nov. 8, 1971.

**348**

---

Jeremiah Nixon, Thurman, Nixon, Smith & Howald, Hillsboro, for plaintiff-appellee.

Robert L. Hyder, Chief Counsel, Carl E. Williamson, Asst. Counsel, Jefferson City, for defendants-appellants.

HOUSER, Commissioner.

This is an appeal under the Administrative Review Act, Chapter 536, RSMo 1969, V.A.M.S., by State Highway Commission from a judgment of the Circuit Court of Jefferson County reversing an order made by the commission following a hearing held by the commission under § 227.240.[1] (All section references are to RSMo 1969, V. A.M.S.) The commission order required Public Water Supply District No. 2, Jefferson County, Missouri to relocate certain of its water mains and portions of its water mains to a location where they would not interfere with the construction, maintenance or use of the new highway envisioned by Project F–30–1 (10) for the improvement of State Highway Route 30 in Jefferson County.

A number of subdivisions had been built along Route 30. Access to Route 30 from these subdivisions was had by roads constructed within the subdivisions when they were laid out. One end of each of the subdivision roads dead-ended in the subdivisions. The other end either connected directly with Route 30 or connected with another road leading to Route 30. Water mains and pipes belonging to the water district were laid in or alongside the subdivision roads and along the right of way of Route 30. The right of way of the new highway as planned and designed in Project F–30–1 (10) was wider than the right

[1.] "227.240. Location and removal of public utility equipment—penalty for violation.—1. The location and removal of all telephone, telegraph and electric light and power transmission lines, poles, wires, and conduits and all pipe lines and tramways, erected or constructed, or hereafter to be erected or constructed by any corporation, association or persons, within the right of way of any state highway, insofar as the public travel and traffic is concerned, and insofar as the same may interfere with the construction or maintenance of any such highway, shall be under the control and supervision of the state highway commission.

"2. The commission or some officer selected by the commission shall serve a written notice upon the person or corporation owning or maintaining any such lines, poles, wires, conduits, pipe lines, or tramways, which notice shall contain a plan or chart indicating the places on the right of way at which such lines, poles, wires, conduits, pipe lines or tramways may be maintained. The notice shall also state the time when the work of hard surfacing said roads is proposed to commence, and shall further state that a hearing shall be had upon the proposed plan of location and matters incidental thereto, giving the place and date of such hearing. Immediately after such hearing the said owner shall be given a notice of the findings and orders of the commission and shall be given a reasonable time thereafter to comply therewith; provided, however, that the effect of any change ordered by the commission shall not be to remove all or any part of such lines, poles, wires, conduits, pipe lines or tramways from the right of way of the highway. The removal of the same shall be made at the cost and expense of the owners thereof unless otherwise provided by said commission, and in the event of the failure of such owners to remove the same at the time so determined they may be removed by the state highway commission, or under its direction, and the cost thereof collected from such owners, and such owners shall not be liable in any way to any person for the placing and maintaining of such lines, poles, wires, conduits, pipe lines and tramways at the places prescribed by the commission.

"3. * * *."

of way of Route 30. At various points along the proposed improvement the new and wider right of way encompassed portions of the subdivision roads, including areas in which the water district's mains and pipes lay.

At the hearing before the commission there was unobjected to and uncontroverted evidence that in order to accommodate the construction and maintenance of the proposed new highway the district's facilities within the proposed right of way would require relocation or adjustment due to the weight of the dead load of the equipment passing back and forth over the district's pipes, the possibility of leaks, the disruption of traffic, the expense of repair and maintenance, and the difficulty in recompacting the subsurface after it has been interfered with by utility facility repairs. *The district conceded both that the relocation was necessary and that if the facilities had to be moved the proposed relocation was reasonable.*

The parties stipulated at the hearing that the subdivisions and lanes were in unincorporated areas of Jefferson County and within the area served by the district; that plats of the subdivisions and lanes had been filed in the land records; that no state, federal, county, township, or special road district employees, equipment or tax money had been spent in constructing or maintaining the subdivision roads, but had been maintained by the people living in the subdivisions; that in 1966 the district's facilities were installed in the areas described in the plats as roads and that no condemnation action had been filed by the commission against the district to condemn easement rights or facilities "laid on easements."

Assuming the laboring oar counsel for the commission introduced in evidence certified copies of the subdivision plats; the commission plans; and oral testimony as to futile efforts to reach agreement with the district, the manner in which it was proposed to build the project, how the con-

struction would affect the necessary relocation of the district's facilities and the public character of the subdivision roads. Counsel took the position that there had been a common-law dedication of the subdivision roads to the public.

The district challenged the jurisdiction of the commission, claiming that it was attempting to determine title to real estate, a function within the exclusive jurisdiction of the courts, and that its authorization under § 227.240, 1. to relocate utility facilities was restricted to relocation of facilities within state highways but that in this proceeding it was attempting to make determinations with respect to private roads over which it had no jurisdiction. The district introduced evidence of the existence of easements from the property owners authorizing installation of its facilities and the installation of water pipe along the subdivision roads under these easements; the effect of cutting in two its facilities on a subdivision road; negotiations between the commission personnel and the district as to costs; the private character of the subdivision roads and that the cost of relocating the facilities would approximate a total of from $126,546 with an estimated contingency additional cost of $20,878. In argument district counsel, *conceding the necessity of the relocation,* referred to the damages sustained by the district, complained that condemnation proceedings had not been priorly instituted against the district and contended that the question was what damages were due the district for the diminution in value of its easement rights, the damage not only for taking the installations within the new highway right of way but also the damage to the entire length of the installations along the several subdivision roads (which average 1200 feet in length) by the cutting of some of the water lines in two.

The commission made basic findings of fact and conclusions of law as to the necessity and reasonableness of the relocation. It further found that the subdivision roads were public roads and ordered the

water district to relocate the facilities according to the plans at its own cost and expense. The commission purported to base its order upon evidence and not merely upon a previously established policy to require the owners to pay the expense of relocation when the facilities were located in public ways (thus satisfying the requirements of St. Louis County Water Co. v. State Highway Commission, Mo.Sup., 386 S.W.2d 119).

On review the circuit court found that the proposed relocation was necessary and as shown on the exhibits was proper; that the subdivision roads were private roads, not public roads; that the district's facilities were not located on state highways, public right of way or public roads but on private roads; that the commission was without jurisdiction over the subdivision roads and had no authority to order removal of utility facilities therein; that the order of relocation of utility facilities located on said roads was in excess of authority and not supported by competent evidence upon the whole record; and that rights of way should be acquired prior to relocation. The circuit court reversed the commission's order as void insofar as it attempted to assert jurisdiction over the subdivision roads and remanded the case to the commission for reconsideration in the light of its findings and judgment.

On this appeal the commission urges that the circuit court erred in not finding that the subdivision roads were public roads by common-law dedication; erred in ruling that they were private roads on which the district's facilities were lawfully installed by authority of abutting property owners; erred in ruling that the commission had no authority over the subdivision roads or to order removal of utility facilities thereon, and exceeded its authority by taking judicial notice of a case pending in another division of the circuit court in which the commission was seeking to condemn two of these subdivision roads as private roads by basing its order in part upon the commission's lack of constitutional authority, when no constitutional question had been

properly raised, and charged that the court disregarded the rules of review and substituted the court's judgment for that of the commission. The district disputes these assertions and renews its contention that in its effort to determine in an administrative proceeding whether the subdivision roads are state highways the commission violated the provision of the constitution vesting in the courts exclusive jurisdiction over the determination of rights and title to real estate.

We do not reach the questions briefed and argued on this appeal for the reason that the matters raised in the district's petition for review are not properly cognizable under the Administrative Review Act.

Section 227.240 provides for a hearing "upon the proposed plan of location and matters incidental thereto," upon notice to the owners of the pipelines, etc. containing a plan indicating the places on the right of way at which such pipelines may be maintained and notice as to the time when the work of hard surfacing the roads is proposed to commence. Under the decided cases the question for determination in a § 227.240 hearing is whether the reconstruction of the highway in accordance with the plans makes it necessary to move the facilities in question to the proposed new location insofar as the public travel and traffic is concerned and to prevent interference with the construction or maintenance of the reconstructed highway. Judicial review of the commission's orders on a § 227.240 hearing is "limited to the determination of whether, on all the evidence produced at the hearing, the Commission could reasonably have made findings which would show that the pipes in their present location would interfere with the construction, maintenance or use of the reconstructed highway and which would make it reasonable to require their removal to the proposed new location." State ex rel. State Highway Commission v. Weinstein, Mo.Sup. en Banc, 322 S.W.2d 778, 786–787 [13–15]; Jackson County Public Water Supply Dist. No. 1 v. State Highway Com-

mission, Mo.Sup., 365 S.W.2d 553, 558; St. Louis County Water Co. v. State Highway Commission, Mo.Sup., 411 S.W.2d 218.

The parties having been in complete agreement on the only questions properly before the commission for determination (the necessity and reasonableness of the proposed relocation) their agreement on these questions provided ample basis for the commission to make its basic findings thereon. The district was not entitled to a hearing before the commission or a review of the question of its liability for the cost and expense of removal and relocation on the theory that its facilities were located on private easements and not on public ways because, by the express declaration of legislative policy by the General Assembly, it is mandated that removal "shall be made at the cost and expense of the owners thereof unless otherwise provided by said commission." § 227.240, 2. The allocation of relocation costs is a matter committed solely to the discretion of the commission, which has "complete discretion as a matter of policy as to whether or not it will use any of its funds for such costs and that matter is not subject to judicial review." Weinstein case, supra, 322 S.W.2d, l.c. 785; Jackson County Public Water Supply Dist. case, supra, 365 S.W.2d, l.c. 558–559 [2]. The district had no rights with reference to the question of costs and expense enforceable in a § 227.240 hearing, for this question involves policy considerations committed solely to the discretion of the commission—matters not subject to judicial review under the Administrative Review Act. Jackson County Public Water Supply Dist. No. 1 v. State Highway Commission, supra, 365 S.W.2d l.c. 559. Under that holding the commission was not obliged to hold a hearing on that phase of the case and "[t]he fact that the Highway Commission granted a hearing, as a matter of courtesy and convenience, conferred upon the Water District no procedural rights," Idem, 365 S.W.2d l.c. 559, or other enforceable rights. We are not deciding whether in some other proceeding or fo-

rum the district may or may not have a right to compensation for easement rights claimed to have been taken or damaged, or to relief for any unlawful exercise of jurisdiction over district facilities located outside the expanded right of way, which it may be able to show, or to enforce a policy of the commission to pay the cost and expense of relocating utility facilities removed from private property. We are holding that the district is not entitled to a decision of these questions on a § 227.240 hearing and is not entitled to judicial review of these questions under the Administrative Review Act.

Accordingly, the judgment of the circuit court is reversed and the cause is remanded with directions to dismiss the petition for review filed by the district.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.