**STATE** *of Missouri ex rel.* **STATE HIGHWAY COMMISSION of Missouri, Plaintiff-Appellant,**

v.

**PUBLIC WATER SUPPLY DISTRICT NO. 2 OF JEFFERSON COUNTY, Missouri, Defendant-Respondent.**

No. 38301 (38222).

Missouri Court of Appeals,
St. Louis District,
Division One.

Nov. 8, 1977.

Motion for Rehearing and/or Transfer
Denied Dec. 16, 1977.

Bruce A. Ring, Chief Counsel, Jefferson City, John H. Gladden, Asst. Counsel, Joplin, for plaintiff-appellant.

Thurman, Nixon, Smith, Howald, Weber & Bowles, John W. Howald, Hillsboro, for defendant-respondent.

McMILLIAN, Judge.

Appellant State Highway Commission appeals from a judgment of the circuit court of Jefferson County sustaining respondent Public Water Supply District No. 2's motion for a directed verdict at the close of appellant's evidence. The trial court directed a verdict in favor of respondent on the ground that the roads at issue were not public roads within the meaning of § 227.-240, RSMo 1969. For the reasons discussed below, we affirm.

Appellant brought this action for money damages against respondent to collect the cost of relocating certain water lines owned by respondent and located within the new right-of-way of state highway 30. These water lines were also located within the right-of-way lines of six streets: Count I, LaKenny Lane; Count II, Green Valley and Valley Del Drives; Count III, New Sugar Creek Road; Count IV, Main Drive; and Count V, Dillon Drive. Count VI requested repayment for some preliminary engineering work but was subsequently dismissed.

The parties agreed to a partial stipulation of the following facts: the land records of Jefferson County contain subdivision plats on file which indicate the roads in question; the dedicators of the subdivisions in which the roads are located subsequently sold lots from each subdivision; no federal, state, county, township or special district employees, equipment or funds were used in the construction or maintenance of the roads in question; and any maintenance performed has been at the expense of property-owners served by the roads. It was also stipulated that respondent's water lines were located within the right-of-ways as indicated on the subdivision plats and that none of the roads were located within any city boundaries.

As noted above, the trial court sustained respondent's motion for a directed verdict on Counts I, II and IV on the ground that the roads were not public roads. Counts III and V were submitted to the jury and verdicts were returned in favor of appellant on those counts. Appellant appeals only from the directed verdicts on Counts I, II and IV.

A directed verdict is a drastic action and should not be granted at the close of respondent's evidence unless the evidence and all reasonable inferences to be drawn therefrom are so strongly against respondent that reasonable persons could not differ on the correct disposition of the case. *E. g., Stogsdill v. Gen. Am. Life Ins. Co.*, 541 S.W.2d 696 (Mo.App.1976); *Brown v. Gamble Constr. Co.*, 537 S.W.2d 685 (Mo. App.1976). In reviewing the action of the trial court in sustaining respondent's motion for a directed verdict, we must determine whether appellant made a submissible case; the evidence must be considered in the light most favorable to appellant and

appellant given the benefit of all favorable inferences. *E. g., Wehrkamp v. Watkins Motor Lines, Inc.*, 436 S.W.2d 698 (Mo.1969); *Russell v. Russell*, 540 S.W.2d 626 (Mo.App. 1976); *Boyle v. Colonial Life Ins. Co.*, 525 S.W.2d 811 (Mo.App.1975). If appellant presented substantial evidence on the status of the roads, then the issue should have been submitted to the jury and it was reversible error to direct a verdict against appellant. *Kaelin v. Nuelle*, 537 S.W.2d 226 (Mo.App.1976).

■ Initially, we shall discuss a jurisdictional point raised by respondent. Respondent contends that the roads in question, even if public roads, are not "state highways" within the meaning of § 227.240(1), RSMo 1969 and therefore respondent cannot be charged with any relocation costs under subsection (2). *Id.* § 227.240(2). We believe, however, that the statute is applicable. The statute expressly provides that the location and removal of utility lines, including water lines, located within the right-of-way of any state highway shall be under the control and supervision of the state highway commission. *Id., e. g., Public Water Supply Dist. No. 2 v. State Highway Comm'n*, 244 S.W.2d 4, 5 (Mo.1951). The parts of the roads at issue and the water lines located therein fall clearly within the expanded right-of-way of state highway 30.

Furthermore, we note that respondent does not deny the authority of appellant to relocate the water lines or its authority to allocate the cost of relocation in general. It is appellant's policy that facilities operated by a political subdivision other than a city shall be relocated at the expense of the *owner* when such facilities are located on a *public* right-of-way other than a state highway right-of-way. Division of Surveys and Plans, Missouri State Highway Comm'n, Policy, Procedure and Design Manual, Vol. II, Ch. VII, § 7–02.2(3); Policy on Division of Cost for Adjustment of Privately and Municipally Owned Utility Facilities Due to Highway Improvements § 3(a) (policy letter, defendant's Exh. # 2). "The allocation of relocation costs is a matter committed solely to the discretion of the [state high-

way] commission, which has 'complete discretion as a matter of policy as to whether or not it will use any of its funds for such costs and that matter is not subject to judicial review.'" *Public Water Supply Dist. No. 2 v. State Highway Comm'n*, 472 S.W.2d 347, 351 (Mo.1971), citing *State ex rel. State Highway Comm'n v. Weinstein*, 322 S.W.2d 778, 785 (Mo.banc 1959); see also *Jackson County Pub. Wat. Supp. Dist. No. 1 v. State Highway Comm'n*, 365 S.W.2d 553, 558–9 (Mo.1963).

Respondent challenges the authority of appellant to allocate the costs of relocation against it because, in this case, the water lines were not located on a public right-of-way. The only issue on appeal is whether the roads in question are public roads or right-of-ways within the meaning of § 227.-240, RSMo 1969. For reversal appellant argues that the roads in question were public roads because there was a common law dedication of each road. Respondent denies that the roads were dedicated to public use.

The determination of the status of a public road or right-of-way in this context seems to be a question of first impression in Missouri. The other cases between the state highway commission and water utilities involve different issues and are distinguishable. Although based on the same facts as the present case, *Public Water Supply Dist. No. 2 v. State Highway Comm'n*, 472 S.W.2d 347 (Mo.1971), involved administrative law questions about the scope of a § 227.240 hearing and the availability of judicial review. In fact, the court did not reach the question of the water district's liability for the cost of relocating its facilities from private property. *Id.* at 351.

In another case, *State ex rel. State Highway Comm'n v. Weinstein*, supra, the question was the type of hearing required to determine the necessity for the removal and relocation of water lines. *Weinstein* determined that an adjudicative hearing was required by the Administrative Procedure Act. *Id.* at 783. Similarly, *St. Louis County Water Co. v. State Highway Comm'n*, 386 S.W.2d 119 (Mo.1964), held that any decision to relocate water lines must be

based on evidence adduced at the § 227.240 hearing and not on previously established policy.

In *Jackson County Public Water Supply Dist. No. 1 v. State Highway Comm'n*, 365 S.W.2d 553 (Mo.1963), the question presented was whether the statute would apply differently to a publicly owned utility than a privately owned utility. The court held that the public water supply district was governed by the statute. *Id.* at 557. In *Public Water Supply Dist. No. 2 v. State Hwy. Comm'n*, 244 S.W.2d 4 (Mo.1951), the water district contended that it was a "municipal corporation" with an absolute right to use the highways for its installations and, therefore, was not under an obligation to relocate its water lines at its expense at the direction of the highway commission. The court disagreed and, without defining the precise governmental status of the water district, found "[t]he district's occupancy of the right of way, under the pleadings [to be] permissive and incidental to the primary and dominant purpose of highways and the public's right in highways." *Id.* at 7.

■ Appellant contends that there has been a common law dedication of each road. This assumes that a public road by dedication to public use is what will resolve the "public right-of-way" in the commission policy. Although our statutes provide a "comprehensive plan for the platting and approval of real estate subdivisions, and the dedication of land for streets and other public uses," *Ginter v. City of Webster Groves*, 349 S.W.2d 895, 899 (Mo.1961); see §§ 445.010–.120, RSMo 1969; this statutory scheme does not operate to restrict the common law power of an owner to dedicate land to public use, *e. g., City of St. Charles v. De Sherlia*, 308 S.W.2d 456, 465 (Mo.App. 1957). Furthermore, if an act of dedication fails to comply with the statutory scheme, the act may still be effective as a common law dedication, *e. g., City of Caruthersville v. Huffman*, 262 Mo. 367, 171 S.W. 323 (1914); *City of Hardin v. Ferguson*, 271 Mo. 410, 196 S.W. 746 (1911); *State v. De Vall*, 157 Mo.App. 587, 138 S.W. 667 (1911).

■ We do not, however, reach any conclusions about the *statutory* dedication of these roads because there is no evidence in the record about the ordinances, if any, of Jefferson County. See *Playboy Club, Inc. v. Myers*, 431 S.W.2d 228, 230 (Mo.1968) (court did not take judicial notice of city ordinances). In *Hoechst v. Bangert*, 440 S.W.2d 476 (Mo.1969), the dedication at issue did not comply with a St. Louis County ordinance which required the approval of any plat by the planning commission and the county council. The court, however, considered the validity of the dedication under common law principles. *Id.* at 478.

■ In *Connell v. Jersey Realty & Investment Co.*, 352 Mo. 1122, 180 S.W.2d 49 (1944), the following elements were required to establish a common law dedication: (1) an unequivocal indication of owner's intention to dedicate land to public use, (2) acceptance by the public and (3) use by the public. *Id.* at 53. Formal acceptance by municipal or public act is not required. *E. g., Minium v. Solel*, 183 S.W. 1037, 1040 (Mo.1916). Acceptance may be demonstrated by use by the public and need not be for a specific period or for the statutory period under § 516.010, RSMo 1969. *E. g., Hoechst v. Bangert*, 440 S.W.2d 476, 479 (Mo.1969) (statutory period), citing *Poage v. Oser*, 6 S.W.2d 1009, 1011 (Mo.App.1928) (no definite period). From reading the cases, two elements appear to be necessary to establish a common law dedication: intention to dedicate and public use. *Nowotny v. Ryan*, 534 S.W.2d 559, 560 (Mo.App.1976).

■ The intention of the owner to set apart the land for the use of the public is the foundation of every dedication; that intention may be manifested in a subdivision plat filed in attempted compliance with the statute. *City of St. Charles v. De Sherlia*, supra. The dedicatory language for LaKenny Lane on the plat of Leicht's Subdivision is ". . . shall be open to public use forever. . . ." Main Drive was originally indicated on the plat of Oak Hill Subdivision. No lots were ever sold from Oak Hill and the property was replatted as

Rainbow Terrace No. 2 Subdivision. Main Drive is described therein as ". . . designated (sic) to the public. . . ." These are the kind of words commonly used in dedications. See, e. g., *Marks v. Bettendorf, Inc.*, 337 S.W.2d 585, 593 (Mo.App. 1960). The words used in the descriptions of LaKenny Lane and Main Drive clearly indicate an intention to dedicate the roads to public use.

■ The words used to describe Valley Del and Green Valley Drives in Sprock's Fifth Subdivision are not as clear. Valley Del Drive is described as an easement for adjoining lot-owners to be used as ". . . a way of ingress and egress." Green Valley Drive is dedicated ". . . to the use of the owners of the property fronting thereon. . . ." Although similar language was construed to be a dedication to public use in *City of St. Louis v. Clegg*, 289 Mo. 321, 233 S.W. 1, 4 (1921), these words alone are not an unequivocal manifestation of an intention to dedicate. The required intention to dedicate may, however, be evidenced by acts of the owner, e. g., *Nickel v. University City*, 239 S.W.2d 519 (Mo.App.1951); *State ex rel. McIntosh v. Haworth*, 124 S.W.2d 653 (Mo.App.1939). For example, the sale of lots by reference to a subdivision plat has been held a common law dedication where the language in the plat was insufficient to constitute a statutory dedication, e. g., *Prewitt v. Whittaker*, 432 S.W.2d 240, 243 (Mo.1968); *Weakley v. State Highway Comm'n*, 364 S.W.2d 608, 612 (Mo.1963); *Moseley v. Searcy*, 363 S.W.2d 561, 563 (Mo.1962); *Byam v. Kansas City Pub. Svc. Co.*, 328 Mo. 813, 41 S.W.2d 945, 949 (1931). The parties did stipulate that lots were sold to the public from each subdivision subsequent to the filing of the plats. In *Weakley*, although already manifested by the execution and acknowledgment of a written declaration to the public use, the court held that the intention to dedicate to public use was further shown by subsequent conveyances to purchasers of lots in the subdivision. 364 S.W.2d at 612.

We distinguish *Smith v. City of Hollister*, 241 Mo.App. 379, 238 S.W.2d 457 (1951), cited by respondent for the proposition that the mere platting of streets and selling of lots does not constitute a common law dedication. In *Smith*, the land was conveyed to subsequent purchasers according to the original subdivision plats as if the platted streets did not exist. The subsequent owners built homes, fences and other structures in the middle of the platted streets, which in fact were never built. The court held that although the subdivision plat constituted an offer to dedicate to public use, subsequent conveyance of the land before acceptance by the public was a valid withdrawal of the offer to dedicate. *Id.* at 463.

■ A common law dedication operates by estoppel, e. g., *Gover v. Cleveland*, 299 S.W.2d 239 (Mo.App.1957). ". . . [W]hen divestiture of [private] property in favor of the public is sought to be established in pais, the proof should be so convincing, full, persuasive and cogent as to leave no reasonable doubt of the existence of the owner's consent or intent, and the acts relied upon must not be consistent with any construction other than that of a dedication. . . ." *McIntosh v. City of Joplin*, 486 S.W.2d 287, 290 (Mo.App.1972) (citations omitted); *Gunn v. City of Versailles*, 330 S.W.2d 257 (Mo.App.1960). Even if the intention to dedicate Valley Del and Green Valley Drives had been clear and unequivocal, there is no evidence in the record of any public use of any of the roads in question. *Cf. Hoechst v. Bangert*, supra (evidence clearly showed public use); *Moseley v. Searcy*, 363 S.W.2d 561 (Mo.1962) (evidence of long-standing public use). In the present case the parties stipulated that no governmental employees or equipment or public funds had been used in the construction or maintenance of the roads. The declarations on the subdivision plats charge the maintenance of the roads to the subdivision residents. Furthermore, the evidence demonstrated that any public use of the streets would be rather limited due to the physical arrangement of the subdivisions. In *Nowotny v. Ryan*, 534 S.W.2d 559 (Mo.App. 1976), the court held that there was no *de*

*facto* dedication of two streets in a condominium development where the evidence showed the city had refused to maintain the streets and the public use of the streets was limited. *Id.* at 561.

In the absence of any proof of public use, appellant has failed to make a submissible case of common law dedication. The trial court did not err in sustaining respondent's motion for a directed verdict.

Accordingly, judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.