**Vernon MILES et al., Plaintiffs-Respondents,**

**v.**

**Lloyd K. RITTERBACH et al., Defendants-Appellants.**

**No. 9294.**

Missouri Court of Appeals,
Springfield District.

Nov. 14, 1973.

Robert W. Schroff, Harold F. Glass, Schroff, Keeter & Glass, Springfield, for defendants-appellants.

Louis W. Cowan, Lilley & Cowan, Springfield, for plaintiffs-respondents.

ROBERT LEE CAMPBELL, Special Judge.

Plaintiffs filed suit against defendants in two counts. Count I prayed for in-junction against defendants from interfering with the use of a "disputed roadway", and Count II prayed for a declaratory judgment that the disputed roadway was a public road. The trial court granted the injunction but refused to declare the disputed roadway to be a public road. We affirm. Only sufficient facts will be set forth to explain this opinion.

The trial court drafted extensive findings of fact, conclusions of law, opinion and judgment comprising eleven pages of the transcript in this cause. These are substantially correct and will not be interfered with by this court in a review de novo.

At the time of the filing of the deeds of dedication herein involved, Reed Avenue was located in rural Greene County, Missouri. Reed Avenue proceeded south, made a right angle turn to the east, and then a right angle turn back to the south. After the City of Springfield annexed the area in question, the portion running east and west was renamed Amory Street and the portion running south therefrom was renamed Biloxi Avenue. The disputed roadway in question is a continuation of Amory Street running directly east from the intersection of Amory and Biloxi for a distance of 990 feet. Plaintiffs Miles and Ray are the present owners of the property situated north of the disputed roadway, and defendants Smith, Chamberlain and Ritterbach are the present owners of the property situated south of the disputed roadway. Defendants Chamberlain, whose property is situated east of the Smith property and west of the Ritterbach property, filed a pleading confessing the prayers of plaintiffs' petition. Only defendants Ritterbach appeal and will hereinafter be referred to as defendants.

The crux of this entire lawsuit is that on November 13, 1959, plaintiffs' and defendants' predecessors in title filed deeds of dedication with the Recorder of Deeds of the County of Greene dedicating the south 25 feet of plaintiffs' property and the

north 25 feet of defendants' property "to the public, to be used as a road or general public highway". Defendants acquired their ten acre tract south of the disputed roadway by two deeds recorded on June 30, 1961. The first deed, plaintiffs' Exhibit 9, by which defendants acquired the land in question contained the phrase, "except any part thereof used for roads in Greene County, Missouri." The second deed, plaintiffs' Exhibit 10, was a quitclaim deed to defendants of the southern 25 feet of the disputed roadway.

The evidence is conclusive that the first 200 feet of the 990 feet disputed roadway has been used extensively at all times in question to reach the property of the Rays on the north and the Smiths on the south. Everyone desiring to reach either the Ray or the Smith home has used the roadway for that purpose, and the first 200 feet of the disputed roadway is in excellent condition and well traveled. Since the recording of the deeds of dedication, all persons desiring to reach the Miles property have used the disputed roadway to reach same. In addition, all persons desiring to reach defendants' property have used the disputed roadway.

It is important to note that defendants refused to purchase their ten acre tract from their predecessor in title unless and until the disputed roadway was graded, ditched and improved to a point 650 feet east of the intersection of Amory and Biloxi to such extent that it would meet the specifications of Greene County for a public road. Considerable work by defendants' predecessor in title was done, including a fill, to bring the road to Greene County specifications.

During 1970, defendants erected a sign on the disputed roadway reading, "Private Property—No Trespassing". Plaintiffs then brought this suit to enjoin interference with the right of ingress and egress over the road by the defendants and for a declaration that the disputed roadway was a public road.

The trial court declined to grant a declaratory judgment on Count II of plaintiffs' petition declaring the disputed roadway to be a public road for the reason that the public use thereof had not been sufficient to place the responsibility of repair and maintenance on either the County of Greene or the City of Springfield, although the trial court believed "the road to have some of the attributes of a public road, but not all of them." In its opinion, the trial court did concede that "an appellate court, upon examination of the cause may conclude that the use of this road under our findings of fact, does amount to a public use within the framework of Missouri law." After carefully reviewing the entire transcript in this cause, this court chooses not to interfere with the decision of the trial court in failing to declare the disputed roadway to be a public road, especially since neither the county nor the city was a party to this lawsuit.

The trial court, on Count I of plaintiffs' petition, enjoined and commanded defendants "to remove from said roadway all signs, barricades, obstructions and any and all other things which interfere or tend to interfere with the use of the aforesaid roadway by the abutting property owners and those persons who have the consent of any abutting property owner, implied or actual . . . and they are hereby enjoined from further acts which in any way hamper or interfere with such use."

■ Defendants' first complaint, that the court's finding that the disputed roadway had existed for many years as a lane which led to the James River, need not be considered because it is immaterial to the decision herein reached. We also decline to discuss in detail Point III of defendants' brief which complains that the "Court's Conclusions and Decree Are So Indefinite and Ambiguous That They Are Subject to Different Interpretations and They Create

a Cloud on the Title to the Disputed Strip of Land and Adjoining Land." We hold that the decree is not indefinite and ambiguous.

Defendants' main points on appeal are that the trial court erred in enjoining defendants from interfering with the use of the disputed roadway because plaintiffs acquired no private rights by reason of the dedications of easement and because the disputed roadway was not a public road and "it was highly improbable that the area would ever be used as a public road." Defendants rely upon Hoechst v. Bangert, 440 S.W.2d 476 (Mo.1969); Smith v. City of Hollister, 241 Mo.App. 379, 238 S.W.2d 457 (1951); and Marks v. Bettendorf's, Inc., 337 S.W.2d 585 (Mo.App.1960). We will briefly explain why each of these cases does not support defendants' position.

Hoechst v. Bangert, supra, in fact supports the decision of the trial court in this case. The trial court in the *Hoechst* case was affirmed in holding that a dedication to public use, although incomplete, did create rights in private parties and the public. In the *Smith* case, supra, the land was deeded as if the plats of dedication were never made, the streets were never accepted by the public, and a holding that the streets were public would work an irreparable injury upon the landowners through whose property the "paper" streets were laid out. The *Smith* case is thus clearly distinguishable from the facts of this case. The *Marks* case, supra, involved the right of a city to vacate statutorily dedicated streets and is not germane.

The trial court correctly based its opinion in this case upon Moseley v. Searcy, 363 S.W.2d 561 (Mo.1962), and Connell v. Baker, 458 S.W.2d 573 (Mo.App.1970). In a footnote to its opinion, the trial court referred to Ginter v. City of Webster Groves, 349 S.W.2d 895 (Mo.1961), which is controlling on the facts before us.

Plaintiffs did not appeal from the ruling of the trial court in failing to declare the disputed roadway to be a public road pursuant to the prayer of Count II of their petition. Plaintiffs argue in a footnote to their brief, with some merit, that the trial court erred in failing to find the disputed roadway to be a public road. The testimony of Otto Kinser, Associate Judge of the Greene County Court, tends to support plaintiffs' position in this respect.

Judge Kinser's testimony, although interspersed with numerous objections, was that if a deed of dedication was presented to the judges of the county court and if it met with their approval, it was recorded without fee. The deeds of dedication in this case were recorded without fee. He further testified that the county court would take no action unless the road was constructed in accordance with county specifications and a request was made to maintain the road, or unless a request was made to vacate the road. The evidence would thus indicate that the county court did permit the dedication but took no action to either accept or vacate the disputed roadway. Judge Kinser's testimony would have been sufficient to permit the trial court to declare the disputed roadway to be a public road, but we defer to the findings of the trial court in this respect for the reasons hereinbefore stated. The offers of dedication remain open and may be accepted by either the County of Greene or the City of Springfield. Ginter v. City of Webster Groves, supra.

■ Defendants' Exhibits A through I, being excellent color photographs of the disputed roadway, are defendants' most persuasive evidence in support of their position. These photographs do show that the further east one goes on the disputed roadway, the more overgrown it becomes with brush and trees. Moseley v. Searcy, supra, 363 S.W.2d at 564–565 [7, 8], holds: " 'The general rule is that lands dedicated

to public use do not revert to the dedicator because of misuse or nonuse unless use for the dedicated purpose has become impossible or so highly improbable as to be practically impossible.' " We hold that the future use of the disputed roadway is not impossible or even improbable.

■ Although the eastern portion of the disputed roadway has not been used extensively by the public, the right to use the roadway and not the extent of use controls. Connell v. Baker, supra.

Finding no error, the judgment is affirmed.

TITUS, C. J., and HOGAN and BILLINGS, JJ., concur.

STONE, J., not sitting.

CARVER, Special Judge, concurs in result.