In the Matter of R. I. P.

I. M. P., Petitioner,

v.

R. R. P., Respondent.

No. 37532.

Missouri Court of Appeals,
St. Louis District,
Division One.

Nov. 17, 1975.

Doris Gregory Black, St. Louis, for petitioner.

Hanks & Taylor, Claude Hanks, Clayton, for respondent.

WEIER, Presiding Judge.

In this habeas corpus proceeding petitioner mother seeks to obtain physical custody of the child, R. I. P., from the respondent father. Her right to custody is based upon a divorce decree entered December 20, 1974 by the Circuit Court of St. Louis County. Thereafter, upon a motion to modify filed May 6, 1975 in a divorce proceeding, the court entered an order to transfer custody of the child from the petitioner to respondent father on June 9, 1975. Petitioner contends that this order of modification issued June 9, 1975 was premature in that it preceded the time within which she was compelled to file an answer or other pleading according to the summons, and that the order was entered ex parte, without notice or hearing.

After the issuance of our writ of habeas corpus to the respondent, he produced the child and filed his return contending that he had legal custody under the court order of June 9, 1975, and then attacked the fitness of the petitioner in this proceeding to have the care and custody of their minor child. After a consideration of the issues raised by the pleadings and disclosed by the filings in this court, we have concluded that the writ was improvidently granted.

Absent unusual circumstances a writ of habeas corpus may not as a general rule be employed to interfere with the jurisdiction of the divorce court to award custody of minor children. Where unusual circumstances exist and the issue of fitness of the petitioner is raised, we will assume jurisdiction in a habeas corpus matter to adjudicate custody of minor children, but the issue of fitness alone is not sufficient for an appellate court to take jurisdiction away from a trial court and then make an award of custody. See *In re L. G.*, 502 S.W.2d 33 (Mo.App.1973), and cases cited therein.

Upon our relinquishment of jurisdiction in this matter, we call the attention of the Circuit Court of the County of St. Louis to the proceedings that have been had on the motion for modification of the divorce decree as to transfer of custody in Cause No. 361537 and request that the court make a determination as to whether the order entered on June 9, 1975 was premature. If so, then the court should consider that order a temporary order of custody and should proceed to set the cause down for a hearing and determination based upon the evidence produced at the hearing. In the event of a disagreement with the disposition of the child made by the court at that time, the aggrieved party has his or her right of appeal.

The writ of habeas corpus heretofore issued is quashed.

DOWD and RENDLEN, JJ., concur.